UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20789-CIV-MARTINEZ/MCALILEY

ENABLE CREATIVE, LLC, *et al.*,

    Plaintiffs,

vs.

CHARLES RUTENBERG REALTY, LLC, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## AMENDED MOTION FOR DEFAULT JUDGMENT

This is an action seeking damages and injunctive relief for copyright infringement, removal of copyright management information, false copyright management information, defamation, tradename infringement and unfair competition. (ECF No. 1). Plaintiffs, Enable Creative, LLC and Jake Ryan Butters, filed an amended Motion for Default Judgment against two Defendants:[1] Philip Simonetta, P.A. and South Florida Cash Home Buyers, Inc. (the "Defendants") (ECF No. 41). The Honorable Jose E. Martinez referred the Motion to me. (ECF Nos. 16). The Defendants have not filed a response and the deadline to do so has passed.

On April 8, 2019, the Clerk entered a default against the Defendants for failure to

---

[1] Defendant Charles Rutenberg Realty, LLC has been dismissed from the action, pursuant to a settlement agreement (ECF No. 40), and Defendant Philip Simonetta filed an answer, *pro se*, and thereafter filed a Suggestion of Bankruptcy. (ECF No. 29, 42). The defamation claim is brought solely against Philip Simonetta, and therefore is not a subject of this Motion.

plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 28). The Court had previously advised the Defendants that because they are corporate entities, they must appear and litigate through counsel, and cannot proceed *pro se*. (*See* ECF No. 17 at 2). To date, no attorney has filed a notice of appearance or a responsive pleading on their behalf.

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Before the court may do so, it must determine that there is "a sufficient basis in the pleadings for the judgment entered," which finding is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks and citation omitted). When a defendant defaults, it admits as true all well-pleaded factual allegations in the complaint. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Along with its Motion, Plaintiff's counsel filed a declaration that sets forth the pleading standard for these causes of action: copyright infringement under the Copyright Act, 17 U.S.C., § 501, *et.seq.* (Count 1); removal of copyright management information in violation of 17 U.S.C. § 1202(b) (Count 2); false copyright management information, in violation of 17 U.S.C. §1202(a) (Count 3); common law trade name infringement, (Count 5); and common law unfair competition (Count 6). [2] In his declaration, Plaintiff's counsel

---

[2] The Complaint sets forth two separate causes of action for common law trade name infringement and common law unfair competition. Plaintiffs mistakenly labeled both claims as their "Fifth Claim for Relief." (ECF No. 1 at pp. 20, 22). For clarity, the Court designates Plaintiffs' claim for common law unfair competition as their "Sixth Claim for Relief."

very ably sets forth the allegations in the Complaint that support each element of each of these causes of action. (*Compare* ECF Nos. 1, 41-1). Having considered the declaration of Plaintiff's counsel and the amended Motion, the Complaint, and the applicable law, the Court concludes that Plaintiffs properly pled the causes of action set forth in Counts 1, 2, 3, 5 and 6, and have established a sufficient basis for entry of judgment against Defendants on those claims. At least some of these claims are not for a sum certain, but rather, are for unliquidated damages. (ECF No. 1 at p. 23). Plaintiffs therefore request, pursuant to Rule 55(b)(2)(B), that this Court hold an evidentiary hearing to determine the proper amount of their damages. An evidentiary hearing regarding damages is warranted. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation.").

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court enter default judgment against Defendant **Philip Simonetta, P.A.** as to liability on the following causes of action: (i) Plaintiff's First Claim for Relief (Copyright Infringement under 17 U.S.C. § 501, *et seq*.), (ii) Plaintiff's Second Claim for Relief (Removal of Copyright Management Information under 17 U.S.C. § 1202(b)), and (iii) Plaintiff's Third Claim for Relief (False Copyright Management Information under 17 U.S.C. § 1202(a)).

I **FURTHER RECOMMEND** that the Court enter default judgment against Defendant **South Florida Cash Home Buyers, Inc.** as to liability on Plaintiffs': (i) Fifth

Claim for Relief (Common Law Trade Name Infringement) and, (ii) Sixth Claim for Relief (Common Law Unfair Competition).

I **FURTHER RECOMMEND** that the Court reserve ruling on an award of damages until an evidentiary hearing is conducted, the date of which will be set by separate order.[3]

**No later than 14 days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Jose E. Martinez, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 10th day of August, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
    Counsel of Record

    Philip Simonetta
    P.O. Box 39294
    Fort Lauderdale, FL 33339

---

[3] Although the Complaint seeks injunctive relief as a remedy, in their Motion Plaintiffs ask only for a hearing to determine the proper amount of damages.

4